UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. DECKER,  Plaintiff,  v.  O'REILLY'S AUTO PARTS STORE,  Defendant. | No. 2:14-cv-1066 LKK AC PS  ORDER |

Plaintiff is proceeding in this action pro se and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21). Plaintiff has now submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327.

3        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
5  support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
6  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
7  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
8  this standard, the court must accept as true the allegations of the complaint in question, Hospital
9  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
10 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
11 McKeithen, 395 U.S. 411, 421 (1969).

12       Based on the allegations in the complaint, plaintiff Kevin L. Decker and his fiancée were
13 shopping in defendant O'Reilly's Auto Parts store on December 21, 2013 in an unspecified city.
14 While there, one of defendant's employees approached the couple and asked them if he could
15 take their items to the front counter to hold for them. Compl., ECF No. 1 at 2. The couple said
16 "no thank you" and continued to shop. Id. The employee then told another employee that "the
17 black couple" (referring to plaintiff and his fiancée) looked suspicious and should be watched
18 because it looked like they were going to steal something. Id. at 1. The plaintiff alleges that this
19 was racial profiling, which led to his arrest and incarceration. Id. at 2. Plaintiff, though, offers no
20 explanation as to how the alleged racial profiling resulted in plaintiff's arrest and incarceration.
21 Plaintiff is suing defendant for a civil rights violation, false arrest, defamation, slander, and false
22 imprisonment. Id. Plaintiff seeks damages for lost wages, pain and suffering/mental trauma, and
23 severe phobia of all auto parts stores resulting from the incident. Id.

24       Though plaintiff styles his complaint as a civil rights action, he fails to allege participation
25 by a person acting under color of state law. To state a claim under 42 U.S.C. § 1983, a complaint
26 must allege: (i) the conduct complained of was committed by a person acting under color of state
27 law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the
28 Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled

2

on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). In simple terms, the statute provides for lawsuits against state officials who violate federal rights, but does not support a lawsuit against a private business or private sector employee. That is because private actors are not generally acting "under color of state law." See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). In order to determine whether a private actor acts under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is fairly attributable to the state. Id. (citing Lugar v. Edmundson Oil Co., Inc., 457 U.S. 922, 937 (1982)). Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999) (citing Lugar, 457 U.S. at 937). A private actor may be considered a governmental actor "because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Lugar, 457 U.S. at 937. Here, plaintiff has not alleged facts from which it may be fairly determined that defendant was acting under color of state law.

Moreover, the Court finds the allegations in plaintiff's complaint so conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The Court has determined that the complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity how defendant's employee's conduct resulted in plaintiff's wrongful arrest and incarceration. Id. Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed. The Court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific

1  terms how each named defendant is involved.  There can be no liability under § 1983 unless there
2  is some affirmative link between a defendant's actions and the claimed deprivation.  Rizzo v.
3  Goode, 423 U.S. 362 (9176); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
4  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

    In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1.  Plaintiff's application to proceed in forma pauperis (ECF No. 5) is granted;

    2.  Plaintiff's complaint is dismissed; and

    3  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: July 29, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE