UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. DECKER,<br><br>           Plaintiff,<br><br>     v.<br><br>O'REILLY'S AUTO PARTS STORE,<br><br>           Defendant. | No.  2:14-cv-1066 LKK AC PS<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se and in forma pauperis.  A First Amended Complaint was filed on August 11, 2014.  The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

1

support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff brings this civil rights action against defendant O'Reilly's Auto Parts store for the actions of two of its employees. Plaintiff alleges that he and his fiancée were inside of defendant's store when two employees made an allegedly false police report resulting in plaintiff's arrest and incarceration. Plaintiff brings suit for mental, physical and racial profiling, malicious intent, false arrest, and false information to a peace officer.

On screening of plaintiff's original pleading, the Court informed plaintiff that in order to bring a civil rights action pursuant to 42 U.S.C. § 1983, he must allege that (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). In simple terms, the statute provides for lawsuits against state officials who violate federal rights, but does not support a lawsuit against a private business or private sector employee. That is because private actors are not generally acting "under color of state law." See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

In order to determine whether a private actor acts under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is fairly attributable to the state. Id. (citing Lugar v. Edmundson Oil Co., Inc., 457 U.S. 922, 937 (1982)). Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999) (citing Lugar, 457 U.S. at 937). A private actor may be considered a governmental actor "because he has acted

together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Lugar, 457 U.S. at 937.  Here, plaintiff has again failed to allege facts from which it may be fairly determined that defendant was acting under color of state law.  Merely providing false information to the police does not transform a private individual into a state actor.  See Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1087 (C.D. Cal. 2009) (citing Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir.1988) ("Police reliance in making an arrest on information given by a private party does not make the private party a state actor."); Gilbert v. Feld, 788 F. Supp. 854, 859-60 (E.D. Pa. 1992) (providing district attorney's office with false and misleading information in order to instigate criminal charges against arrestee does not expose private parties to Section 1983 liability)).

   Accordingly, plaintiff's first amended complaint must be dismissed.  Plaintiff, however, will be granted one final opportunity to state a viable cause of action.  If plaintiff chooses to amend the complaint, plaintiff must set forth the grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must name and clearly identify the defendants, and allege in specific terms how each named defendant is involved.  There can be no liability under § 1983 unless there is some affirmative link between a particular defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (9176); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

   If plaintiff intends to sue on grounds other than the civil rights statute, 42 U.S.C. § 1983, he must specify the cause(s) of action.

   In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed; and
2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: August 18, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE